**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
------------------------------------------------------------------------×

CASSANDRA HAYES,

              *Plaintiff,*                              **18 CV-21115**

      *v.*

2201 COLLINS NIGHTCLUB MANAGEMENT, LLC          **COLLECTIVE AND CLASS**
*d/b/a* W HOTEL, STARWOOD HOTELS & RESORTS       **ACTION COMPLAINT**
WORLDWIDE, LLC, *and* MARRIOTT
INTERNATIONAL, INC.,

               *Defendants.*
------------------------------------------------------------------------×

      Plaintiff Cassandra Hayes, by her counsel, The Harman Firm, LLP, alleges for her

Complaint against Defendants 2201 Collins Nightclub Management, LLC ("COLLINS

NIGHTCLUB"), Starwood Hotels & Resorts Worldwide, LLC ("STARWOOD"), and Marriott

International, Inc. ("MARRIOTT") (collectively, "Defendants"), as follows:

## PRELIMINARY STATEMENT

      1.    Ms. Hayes brings claims as a class and collective action against Defendants for

failure to pay the minimum wage under the Fair Labor Standards Act (FLSA) and the Florida

Minimum Wage Act (FMWA).

      2.    Defendants are engaged in the business of operating the W Hotel South Beach,

located at 2201 Collins Ave, Miami Beach, FL 33139 (the "Hotel").

      3.    Plaintiff was employed primarily as a Beach Server, which involved greeting

Hotel guests and serving guests at the Hotel's restaurant and beach facilities, and also performed

general cleaning duties at the Hotel.

## JURISDICTIONAL AND VENUE ALLEGATIONS

4.     Pursuant to 28 U.S.C. § 1331, this Court has original jurisdiction over Plaintiff's claims arising under the FLSA.

5.     Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiff's FMWA claim, as these claims are so related to the claims within such original jurisdiction that they form part of the same case or controversy.

6.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of Florida, as a substantial part of the events giving rise to these claims occurred within this District.

7.     Pursuant to 28 U.S.C. § 1391(b), venue is proper in the United States District Court for the Southern District of Florida, as a substantial part of the events giving rise to these claims occurred within this District.

## PARTIES

8.     Upon information and belief, at all times relevant hereto, DEFENDANT COLLINS NIGHTCLUB was and is a limited liability company organized under the laws of the State of Florida with its headquarters located at 2201 Collins Avenue, Miami Beach, Florida 33139 in Miami-Dade County.

9.     At all times material hereto, DEFENDANT COLLINS NIGHTCLUB was doing business within the jurisdiction of Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

10.     Upon information and belief, at all times relevant hereto, DEFENDANT STARWOOD was and is a limited liability company organized under the laws of the State of

Maryland with its headquarters located at One StarPoint, Stamford, Connecticut 06902 in Fairfield County.

11.     At all times material hereto, DEFENDANT STARWOOD was doing business within the jurisdiction of Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

12.     Upon information and belief, at all times relevant hereto, DEFENDANT MARRIOT was and is a corporation organized under the laws of the State of Delaware with its headquarters located at 10400 Fernwood Road, Bethesda, Maryland 20817 in Montgomery County.  At all times material hereto, Marriott was doing business within the jurisdiction of Miami-Dade County, Florida, where Plaintiff was employed, and at all times material hereto was and is engaged in interstate commerce.

## COVERAGE UNDER THE FLSA

13.     This action is brought by Plaintiff to recover from Defendants claims for unpaid minimum wages, as well as an additional amount as liquidated damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 *et seq.*, and specifically under the provisions of 29 U.S.C. §§ 206–207 and Fla. Const. Art. 10 § 24.

14.     Defendants are and, at all times pertinent to this Complaint, were engaged in interstate commerce.

15.     At all times pertinent to this Complaint, Defendants operated as an organization which sells and/or markets and/or handles its services and/or goods and/or materials to customers from throughout the United States and also provides its services for goods sold and transported from across state lines of numerous other states.

16.     Defendants obtain and solicit funds from non-Florida sources, accept funds from non-Florida sources, use telephonic transmissions going over state lines to do its business, transmit funds outside the State of Florida, and otherwise regularly engage in interstate commerce, particularly with respect to their employees.

17.     Upon information and belief, the annual gross revenue of Defendants was at all times material hereto in excess of $500,000.00 per annum, and/or Plaintiff, by virtue of working in interstate commerce, otherwise satisfies the FLSA's requirements.

18.     By reason of the foregoing, Defendants are and were, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. §§ 203(r) and 203(s) and/or Plaintiff is within interstate commerce.

## COLLECTIVE ACTION ALLEGATIONS

19.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA minimum wage claim as a collective action on behalf of herself and others who currently work or formerly worked as a Server for Defendants (the "Collective Action Members") whom Defendants failed to pay the minimum wage during the three-year period immediately preceding the filing of the original Complaint (the "FLSA Statutory Period").

20.     Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute her FLSA minimum wage claim as a collective action on behalf of herself and other individuals as follows:

a.  **Collective Action Class:** All employees or former employees of Defendants who worked at the Hotel and who received less than the minimum hourly wage due to Defendants' use of a Tip Credit.

4

21.     Because Defendants (i) failed to inform Plaintiff and the Collective Action Members of its use of a Tip Credit and (ii) shared Plaintiff's and the Collective Action Members' tips with non-tipped employees, Defendants' use of a Tip Credit was invalid, and, as a result, Defendants failed to pay Plaintiff and the Collective Action Members the minimum wage, in violation of the FLSA.

22.     Defendants subjected Plaintiff and the Collective Action Members to the same pay provision(s) in that Defendants failed to properly compensate both Plaintiff and the Collective Action Members for their hours worked.

23.     The Collective Action Members are thus owed unpaid wages under the FLSA for the same reasons as Plaintiff.

## CLASS ACTION ALLEGATIONS

24.     Pursuant to Rule 23, Plaintiff seeks to prosecute her claims as a class action on behalf of herself and other individuals as follows:

      a.   All employees or former employees of Defendants who worked at the Hotel and who received less than the minimum hourly wage due to Defendants' use of a Tip Credit (the "Class").

25.     **Numerosity.  FED. R. CIV. P. 23(a)(1).**  The Class is so numerous that joinder of all members is impractical.  The names and addresses of Class members are identifiable through documents maintained by Defendants, and Class members may be notified of the pendency of this action by published and/or mailed notice.

26.     Upon information and belief, the Defendants have three shifts comprised of approximately 12 putative class members.  As such, it is reasonable that there would be at least 40 members in each Class.

27.     **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Classes. These questions predominate over the questions affecting only individual members. These common legal and factual questions include, among other things:

    a.   Whether Defendants failed to pay Plaintiff and the Class members the minimum wage;

    b.   Whether Defendants informed Plaintiff and the Class members of its use of a Tip Credit.

    c.   Whether Defendants included non-tipped workers in a tip pool.

    d.   Whether Defendants acted willfully in disregard of the rights of the members of the Classes; and

    e.   Whether Defendants have taken any steps to comply with Florida state wage-and-hour laws.

28.     **Typicality.  FED. R. CIV. P. 23(a)(3).**  Plaintiff's claims are typical of the Class members.  Plaintiff, for class certification purposes, seeks only statutory and punitive damages.

29.     **Adequacy.  FED. R. CIV. P. 23(a)(4).**  Plaintiff is an adequate representative of the Class because her interests coincide with, and are not antagonistic to, the interests of the Class members she seeks to represent; she has retained counsel competent and experienced in such litigation; and she intends to prosecute this action vigorously. The interests of Class members will be fairly and adequately protected by Plaintiff and her counsel.

30.     **Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  The

statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for Class members individually to redress effectively the wrongs done to them.  Even if the Class members themselves could afford such individual litigation, it would be an unnecessary burden on the Courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct.  By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

## FACTS COMMON TO ALL CAUSES OF ACTION

31.     Defendants cannot take a "tip credit" from any tips Plaintiff actually retained.

32.     Under the FLSA, tipped employees are entitled to receive the prevailing minimum wage for each hour worked by them in a given week.

33.     In order to rely on the tip credit under the FLSA, Defendants must demonstrate: (1) that Plaintiff satisfies the definition of a "tipped employee" under 29 U.S.C. § 203(t), which requires that the employee "customarily and regularly receives more than $30; a month in tips;" (2) that Defendants must have informed Plaintiff of their intent to rely on the tip credit towards the calculation of Plaintiff's minimum wage entitlements; and (3) Defendants must demonstrate that all tips received by Plaintiff were in fact retained by Plaintiff.

34.     The failure to complete each condition precedent invalidates the tip credit.

35.     Defendants took a Tip Credit by paying its tipped employees at an hourly rate less than the standard minimum wage, offsetting the difference with tips.

7

36.     Defendants, however, did not inform Plaintiff that they would take a tip credit prior to the start of her employment.

37.     Defendants also took control of Plaintiff's tips by causing Plaintiff to share tips with employees who are not entitled to share tips, including managers and non-service employees.

38.     Defendants thus failed to comply with the second and third preconditions.

39.     Therefore, the tip credit claimed is invalid.

## CAUSES OF ACTION
### COUNT I
### FLSA and FMWA Minimum Wage Violations Against Defendants

40.     Plaintiff hereby realleges and incorporates the jurisdictional allegations contained in paragraphs 1 through 39 with the same force as though separately alleged herein.

41.     The FLSA, 29 U.S.C. § 216(b), and Florida minimum wage laws, Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24, require employees to be paid a minimum wage.

42.     The Florida minimum wage at all relevant times was $8.25 per hour.

43.     Defendants could not have met the information requirement of the FLSA and Florida Minimum Wage Law because Defendants failed to complete two of the three conditions precedent, as they did not inform Plaintiff of their use of the Tip Credit, and they shared Plaintiff's tips with non-tipped employees.

44.      Thus, the tip credit claimed is unavailing, and Defendants' hourly pay rate of $7.31 an hour is a violation of  the FLSA and FMWA.

45.     Plaintiff was entitled to receive federal and Florida minimum wages.  Defendants failed to pay federal and Florida minimum wages to Plaintiff.

46.     When Plaintiff and other employees went to management to be "cashed out," management would automatically clock out employees, despite employees waiting to be "cashed out" for a period of one hour, three times a week, during which time they were required to clean and fill menus, i.e. working off the clock.

47.     Plaintiff and other employees were not paid for this off-the-clock work.

48.     Defendants also deducted $60.48 for her uniform, which further depressed her wages below the FLSA and FMWA requirements

49.     Defendants are therefore obligated to pay Plaintiff the full minimum wage for each hour worked allowing credit for the hours paid for (an additional $0.94 per hour worked for the failed tip credit, plus the difference for her uniform deduction, and plus additional hours for her time working off the clock).

50.     Defendants knew Plaintiff's work schedule and showed reckless disregard in following the provisions of the FLSA concerning the payment of minimum wages and tipped-credit employees as required by the FLSA and the Florida Constitution.

51.     Defendants did not have a reasonable objective belief that they were not required to pay Plaintiff's minimum wages.

52.     Defendants intentionally and/or recklessly failed to inform Plaintiff of the requirement to pay minimum wages.

53.     Defendants remain owing Plaintiff these minimum wages since the commencement of Plaintiff's employment with Defendants as set forth above, and Plaintiff is entitled to recover double damages.

54.     The similarly-situated current and former employees are all those other employees who worked for Defendants and performed the same or similar duties as that of Plaintiffs.

55.     Plaintiff has retained the law offices of the undersigned attorney to represent them in this action and are obligated to pay a reasonable attorney's fee.

WHEREFORE, Plaintiff requests liquidated damages and reasonable attorneys' fees from Defendants, jointly and severally, pursuant to the FLSA, 29 U.S.C. § 216(b), and Florida Minimum Wage Laws, Fla. Stat. § 448.110 and Fla. Const. Art. 10 § 24, to be proven at the time of trial for minimum wages owed to Plaintiff for her entire employment period with Defendants or as much as allowed by the FLSA and FMWL, along with court costs. In the event that Plaintiff does not recover liquidated damages, then Plaintiff seeks an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances, herein.

## **TRIAL BY JURY**

56.     Plaintiff respectfully requests a trial before a jury.

Dated:  Miami, Florida
        March 23, 2018


                                        Respectfully submitted,


                        By:     _____
                                        Alberto Naranjo
                                         Of Counsel
                                        THE HARMAN FIRM, LLP
                                        201 S. Biscayne Blvd., 28th Floor
                                        Miami, FL 33131
                                        T: (305) 942-8070
                                        E: an@anlawfirm.com

                                        *Attorneys for Plaintiff*