UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21115-CIV-ALTONAGA/Goodman

CASSANDRA HAYES,

    Plaintiff,
v.

2201 COLLINS NIGHTCLUB
MANAGEMENT, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the parties' Joint Motion to Approve Settlement [ECF No. 9], filed April 27, 2018. The parties seek the Court's approval of their proposed Settlement Agreement [ECF No. 9-1] which includes a provision for the award of costs. The Court has carefully considered the Motion, Agreement, record, and applicable law.

Before a court may approve a compromised settlement, it must scrutinize the settlement to determine whether it is a fair and reasonable resolution of a bona fide dispute. *See Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dep't of Labor*, 679 F.2d 1350, 1354–55 (11th Cir. 1982). In making the requisite fairness determination, the Court considers the following factors: "(1) the existence of collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." *Mason v. Wyndham Vacation Ownership, Inc.*, Case No. 6:10-cv-1805-Orl-35GJK, 2012 WL 570060, at *1–2 (M.D. Fla. 2012) (citing *Leverso v. SouthTrust Bank of Ala., Nat'l Ass'n*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994)).

CASE NO. 18-21115-CIV-ALTONAGA/Goodman

Under the terms of the Agreement, the parties have agreed to settle this lawsuit for $1,000.00. (*See* Agreement § 3). That total breaks down to $600 to Plaintiff, Cassandra Hayes, and $400 to Plaintiff's counsel for costs. (*See id.*). The Motion does not explain what costs the $400 is intended to cover.

The Agreement also does not state whether the $600 payable to Plaintiff is for compensatory damages or liquidated damages. The FLSA requires employers who violate its provisions to pay employees both unpaid wages and an equal amount in liquidated damages. *See* 29 U.S.C. § 216(b) ("Any employer who violates the provisions of section 206 or section 207 of this Title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."). To comply with the FLSA, then, a proposed settlement must be apportioned equally between unpaid wages and liquidated damages. *See id.*

As the Motion and Agreement fail to: (1) adequately explain or describe the Plaintiff's costs; and (2) apportion Plaintiff's award equally between unpaid wages and liquidated damages, the Court cannot find the Agreement fair and reasonable and cannot grant the Motion.

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. The Motion **[ECF No. 9]** is **DENIED without prejudice**.
2. The parties must submit a revised motion and agreement — with a proposed order and affidavits or exhibits regarding attorneys' fees and costs — that conform with the FLSA by **May 10, 2018**.

CASE NO. 18-21115-CIV-ALTONAGA/Goodman

**DONE AND ORDERED** in Miami, Florida, this 3rd day of May, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record