# EXHIBIT A

# **REVISED SETTLEMENT AND RELEASE AGREEMENT**
# **PURSUANT TO COURT ORDER**

This Revised Settlement and Release Agreement (the "Agreement") is made and entered into by and between Cassandra Hayes ("Plaintiff") and 2201 Collins Nightclub Management, LLC. ("Defendant").

**WHEREAS**, Plaintiff caused to be filed a lawsuit against Defendant in the United States District Court for the Southern District of Florida, styled as *Cassandra Hayes v 2201 Collins Nightclub Management, LLC d/b/a/ W Hotel, Starwood Hotels & Resorts Worldwide, LLC and Marriott International, Inc.*, Case No. 1:18-cv-21115-CMA ("Litigation"), alleging the failure to pay minimum wage in violation of the Fair Labor Standards Act ("FLSA") and Florida Minimum Wage Act ("FMWA"); and

**WHEREAS**, Defendant denies all of the allegations contained in the Litigation; and

**WHEREAS**, to avoid the uncertainties and expense of further litigation, the Parties wish to settle all claims and potential claims between them regarding Plaintiff's wages, compensation, remuneration, or other payments received from Defendant, including the claims made in the Litigation.

**NOW THEREFORE,** in consideration of the mutual covenants and agreements set forth herein and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereto agree as follows:

1. The Parties acknowledge that Plaintiff was not employed with W Hotel, Starwood Hotels & Resorts Worldwide, LLC or Marriott International, Inc. and Plaintiff's sole employer was 2201 Collins Nightclub Management LLC. As such, as a condition to this settlement, Plaintiff agrees to immediately (before any motion to approve settlement is filed with the court) voluntarily dismiss with prejudice W Hotel, Starwood Hotels & Resorts Worldwide, LLC and Marriott International, Inc. This Agreement is only between Plaintiff and Defendant 2201 Collins Nightclub Management LLC.

2. Immediately upon executing this Agreement, the Parties will file a Joint Motion for Approval in the Litigation. If, for any reason, the Court does not approve this Agreement and issue an Order of Dismissal with Prejudice, the Parties agree to amend this Agreement and resubmit to the Court for approval. Further, if the Court approves the Settlement and this Agreement with modifications, the Parties' obligations under this Agreement shall be governed by the Court's Order.

3. In exchange for the mutual promises exchanged herein, Defendant agrees to pay Plaintiff the total amount of One Thousand Dollars and Zero Cents ($1,000.00), in full and final settlement of all Plaintiff's claims against Defendant related to Plaintiff's compensation, including all claims that were brought in the Litigation ("Settlement Amount"). The Settlement Amount will be paid as follows: (a) one check in the gross amount of Three hundred Dollars and Zero Cents ($300.00), minus all applicable

withholding and payable to "Cassandra Hayes", representing back wages which will be reported to the Internal Revenue Service on Form W-2; (b) one check in the amount of Three Hundred Dollars and Zero Cents ($300.00) payable to "Cassandra Hayes" representing liquidated and all other damages, which will be reported to the Internal Revenue Service on Form 1099; and (c) one check in the amount of Four Hundred Dollars and Zero Cents ($400.00), payable to her attorneys "Alberto Naranjo, Jr." for filing fee costs by evidence by the receipt attached as Exhibit "1". The Settlement Amount shall be due ten (10) days after the Court issues an Order of Dismissal with Prejudice in the Litigation and Plaintiff's counsel provides Defendant with an IRS W-9, whichever occurs last.

4. Plaintiff understands and agrees that the Settlement Amount is all that she is entitled to receive from Defendant as settlement of any and all of claims related to her compensation, remuneration, or other payments received from Defendant that Plaintiff made or could have made against the Released Parties (as defined below), including claims Plaintiff made or could have made against Defendant in the Litigation. Plaintiff further understands and agrees that the Settlement Amount constitutes adequate and ample consideration for the rights and claims that Plaintiff is waiving in paragraph 4 below and for the obligations imposed on her by virtue of this Agreement.

5. In exchange for the promises Defendant has made in this Agreement, Plaintiff, on behalf of herself and her respective successors, heirs, assigns, attorneys, agents and representatives, hereby unconditionally and forever waives, releases, acquits and discharges Defendant, together with W Hotel, Starwood Hotels & Resorts Worldwide, LLC or Marriott International, Inc. and their parent, subsidiaries, affiliates and all current and former officers, directors, attorneys, employees, agents, fiduciaries, trusts and/or estates and (collectively "Released Parties"), and further promises never to institute, assert, prosecute or pursue, any and all debts, complaints, claims, charges, liabilities, claims for relief, demands, suits action or causes of action, which have arisen or could have arisen prior to the date of this Agreement, whether now known or unknown, suspected or unsuspected, against any of the Released Parties. Plaintiff agrees that this release shall be construed as broadly as possible and shall include all claims which Plaintiff brought or could have brought in the Litigation, including without limitation: (a) any contractual or other claims of wage payment Plaintiff may have against any or all of the Released Parties; (b) claims, if any, related to Plaintiff's compensation, remuneration, payment of wages, or other monetary payments received from any or all of the Released Parties, including but not limited to the Fair Labor Standards Act of 1938, as amended, and the Florida Minimum Wage Act; (c) claims, if any, regarding accrued leave, vacation, bonuses, commissions, or any other form of benefits connected with Plaintiff's employment relationship with any or all of the Released Parties; and (d) claims or allegations for costs, fees or other expenses including attorney's fees related to the Litigation. Plaintiff waives these rights and claims, and also agrees not to institute, or have instituted by anyone, a lawsuit against any or all of the Released Parties based on any such claims or rights, except in the event that Defendant breaches this Agreement. Plaintiff also agrees not to: (a) participate, cooperate or assist in any manner, whether as a witness, expert, consultant

or otherwise, in any lawsuit, complaint, charge or other proceeding involving any of the Released Parties as a party; or (b) solicit any current or former employees of the Released Parties to encourage or incite further litigation against any of the Released Parties unless requested to do so by Defendant for Defendant's benefit, or unless compelled by subpoena or court order.

6. Plaintiff acknowledges that she will not seek and is not entitled to reemployment or reinstatement to employment with any of the Released Parties at any time in the future. Plaintiff agrees that this forbearance to seek future employment is purely contractual and is in no way involuntary, discriminatory or retaliatory.

7. Plaintiff agrees not to engage in any activity that is intended to embarrass or disparage Defendant, or any of the Released Parties and agrees that she will not make any false and disparaging remarks to any third parties regarding Defendant, any of the Released Parties, or any of their respective employees, customers, and/or services in any form whatsoever, including verbal, written, electronic, or through the use of any Internet websites.

8. This Agreement may be executed in counterparts and has the same force and effect as if all the signatures were obtained in one document. The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties. This Agreement has been negotiated by and between attorneys for the Parties and shall not be construed against the "drafter" of the Agreement. Nothing contained in this Agreement shall be construed as an admission of liability by Defendant concerning any allegation raised in the Litigation; to the contrary, Defendant denies any liability to Plaintiff in the Litigation. No waiver of any provision of this Agreement will be valid unless it is in writing and signed by the Party against whom such waiver is charged.

9. If any provision or portion of this Agreement shall be held for any reason to be unenforceable or illegal, other than the waiver and release provisions in paragraph 5, that provision shall be severed from this Agreement, and the remainder of the Agreement shall be valid and enforceable among the Parties just as if the provision held to be illegal or unenforceable had never been included in this Agreement. Plaintiff understands that she is waiving her ability to challenge the release language contained in Paragraph 5. The Parties agree that in the event of a proceeding regarding a breach of this Agreement, the prevailing Party shall be entitled to her/its costs and attorneys' fees. This Agreement expresses the entire agreement between the Parties with respect to any and all claims regarding Plaintiff's compensation that Plaintiff brought or could have brought in the Litigation, and supersedes all prior oral or written understandings or agreements regarding that subject matter. This Agreement shall not merge into but shall survive any subsequent contract, agreement or deed unless expressly referenced therein. This Agreement shall be governed by the laws of the State of Florida. In connection with any legal dispute arising from or relating to this Agreement, the Parties agree that **such dispute shall be heard by a Judge and not a jury** and further consent that the state and federal courts located in Miami-Dade County, Florida shall

have exclusive jurisdiction over such proceedings. The Parties agree that this Agreement cannot be amended or modified except by a writing executed by both of the Parties hereto or their respective attorneys, administrators, trustees, personal representatives, and/or successors.

10. Plaintiff acknowledges that she has been represented by an attorney prior to signing this Agreement. This Agreement shall be effective as of the date all Parties sign the Agreement. Plaintiff acknowledges that she has carefully read and understands this Agreement and agrees that Defendant has not made any representations other than those contained herein. Plaintiff also acknowledges that she enters into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that it constitutes a full and absolute settlement and bar as to any and all claims related to her compensation that she had, has, or may have against Defendant or any of the Released Parties, including the claims Plaintiff brought in the Litigation.

**IN WITNESS WHEREOF, Plaintiff and the Defendant have executed this Agreement.**

| _____ | _____ |
| Cassandra Hayes | 2201 Collins Nightclub Management LLC |
| 5/7/2018 | 5/7/2018 |
| _____ | _____ |
| Date | Date |

have exclusive jurisdiction over such proceedings. The Parties agree that this Agreement cannot be amended or modified except by a writing executed by both of the Parties hereto or their respective attorneys, administrators, trustees, personal representatives, and/or successors.

10. Plaintiff acknowledges that she has been represented by an attorney prior to signing this Agreement. This Agreement shall be effective as of the date all Parties sign the Agreement. Plaintiff acknowledges that she has carefully read and understands this Agreement and agrees that Defendant has not made any representations other than those contained herein. Plaintiff also acknowledges that she enters into this Agreement voluntarily, without any pressure or coercion, and with full knowledge of its significance, and that it constitutes a full and absolute settlement and bar as to any and all claims related to her compensation that she had, has, or may have against Defendant or any of the Released Parties, including the claims Plaintiff brought in the Litigation.

**IN WITNESS WHEREOF**, Plaintiff and the Defendant have executed this Agreement.

_____        _____
Cassandra Hayes                                         2201 Collins Nightclub Management LLC

_____        _____5/8/18_____
Date                                                              Date

**Subject:** Pay.gov Payment Confirmation: FLSD CM ECF
**From:** notification@pay.gov
**Date:** 3/23/2018 1:13 PM
**To:** "erivera@theharmanfirm.com" <erivera@theharmanfirm.com>, "an@anlawfirm.com" <an@anlawfirm.com>

Your payment has been submitted to Pay.gov and the details are below. If you have any questions or you wish to cancel this payment, please contact Financial Section at (305) 523-5050.

Application Name: FLSD CM ECF
Pay.gov Tracking ID: 268JLOBB
Agency Tracking ID: 113C-10510778
Transaction Type: Sale
Transaction Date: Mar 23, 2018 1:13:42 PM

Account Holder Name: Alberto Naranjo
Transaction Amount: $400.00
Card Type: MasterCard
Card Number: ************7497


THIS IS AN AUTOMATED MESSAGE.   PLEASE DO NOT REPLY.

**EXHIBIT "1"**