UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-21115-CIV-ALTONAGA/Goodman

**CASSANDRA HAYES**,

    Plaintiff,

v.

**2201 COLLINS NIGHTCLUB MANAGEMENT, LLC**,

    Defendant.
_____/

## ORDER

**THIS CAUSE** came before the Court upon the parties' Joint Motion to Approve Settlement [ECF No. 11], filed May 10, 2018. The parties seek the Court's approval of their proposed Settlement Agreement [ECF No. 11-1] which includes a provision for the award of costs. The Court has carefully considered the Motion, Agreement, record, and applicable law.

When a private action is brought under the Fair Labor Standards Act, 29 U.S.C. sections 201 *et seq.*, as is the case here, the Court "may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982). Upon review of the record and the parties' basis for settlement of the FLSA case, the Court finds settlement of this action is fair and reasonable and the requested fee is fair and reasonable and not grossly excessive. Being fully advised, it is

**ORDERED AND ADJUDGED** as follows:

1.     The Motion **[ECF No. 11]** is **GRANTED**.

2.     The Settlement Agreement **[ECF No. 11-1]** between Plaintiff, Cassandra Hayes, and Defendant, 2201 Collins Nightclub Management, LLC, which has been duly

filed as a record of the Court, is **APPROVED** as a fair and reasonable resolution of the parties' FLSA dispute.

3. This case is **DISMISSED with prejudice**, and all pending motions are **DENIED as moot**.

4. Beyond the terms of the Settlement Agreement, the parties shall bear their own attorney's fees and costs.

5. The Court retains jurisdiction to enforce the terms of the Settlement Agreement.

Accordingly, it is

**DONE AND ORDERED** in Miami, Florida, this 11th day of May, 2018.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record